**Ord. Pet.**

**Case 11.**

Smith *vs.* Moberly and wife.

APPEAL FROM MADISON CIRCUIT.

1. An appeal lies to a judgment for the recovery of land.
2. No suit for the recovery of the possession of land can be maintained against one who has entered as a purchaser under a parol contract, until notice to quit, and that the parol contract would not be performed by the vendor.
3. When the answer of the defendant to an ordinary petition set forth an equitable defense, the trial of the issue should be as in case of equitable proceedings; and if the equitable defense be adjudged insufficient, if there be a legal issue, that should be referred to, and tried by a jury, unless the jury be waived in some of the modes pointed out by the Code.
4. Issues of fact arising in actions by ordinary proceedings for the recovery of money or real or personal property are to be tried by a jury; unless a trial by a jury is waived. (*Code of Practice, section 442.*) By an agreement to transfer *a case* to the equity docket, all the issues, whether legal or equitable, made in the case, are to be tried as equitable issues are tried—it is a waiver of a jury.

**Case stated.**

Moberly and wife brought this suit, by ordinary petition, in the Madison Circuit Court, to recover the possession of a small piece of land from Smith. Smith answered, claiming the land as his own under a purchase from the plaintiff; and that he had made upon it lasting and valuable improvements, believing the plaintiff would honestly perform his contract; claims pay for improvements, if compelled to give up the land, and claims a lien upon the land for the improvements. The plaintiff denied the sale of the land to the defendant, or that he had paid him any thing for it.

The parties, by consent, transferred the case to the equity docket. The testimony conduced to show that the defendant entered by the consent of the plaintiff, and has made improvements exceeding the reasonable rent of the land.

The Circuit Judge, without the intervention of a jury, gave judgment for the possession of the land, and defendant has appealed.

*S. Turner*, for appellant—

The plaintiff entered under a verbal contract of purchase. It does not appear Smith ever paid Moberly for the land, or that the latter ever demanded possession of the land. In this state of case Moberly brought suit for the land, alleging that Smith held possession without right, and had kept the plaintiff two years out of possession. Smith claims right under a purchase of Moberly, and his entry under that purchase by consent of Moberly, and that, expecting that Moberly would, in good faith, carry out the contract, he made lasting and valuable improvements.

The case was by consent transferred to the equity docket, and the court gave judgment in behalf of Moberly for the possession of the land, giving no compensation for improvements, or any lien therefor.

It is now insisted—1. That Smith was entitled to a trial by jury, never having waived that right, which should never be taken away by construction or implication, or otherwise lost than by express waiver.

2. Whether the case be tried at law or in equity, as Smith entered upon the land by consent of Moberly, and under a verbal contract of purchase, Moberly cannot recover until a demand of the possession which he had given to Smith, and thereby place Smith in the wrong. Until such demand, the relation between them was amicable, and no right of action existed. If the case is to be decided according to the principles of equity governing it, Moberly is still in a worse condition. He is violating his agreement, and seeking to profit by such bad faith, to the injury of Smith, without any notice that he did not intend to comply with his contract to convey the land. Such is not sanctioned by law or equity, and his petition should have been dismissed.

3. As Smith alleged that he had made improvements upon the land, expecting a conveyance according to contract, and in his answer set up and relied upon his claim for improvements as a counter-claim against Moberly, an estimate should have been made

SMITH
vs.
MOBERLY AND
WIFE.

of such improvements, and the possession withheld until such claim had been paid off, and a lien given. There is nothing in the case on the part of Moberly to invoke the favorable consideration of the Chancellor, and it should be reversed.

*W. H. Caperton,* for appellee—

This contest is for about two acres of poor land worth about three dollars per acre. The appellant, in his answer, admits that the legal title is in appellees, but insists that the appellant is the equitable owner by purchase of appellee and wife, which is denied. The case was transferred by consent to the equity docket.

1. There is no evidence of a sale, or that Smith ever paid any thing for the land, or agreed to do so. It is not pretended that the sale was by writing. It is but a scuffle for pay for improvements, the highest price for which is $12, less by the rent of the land.

2. This court has no jurisdiction when the matter in contest does not exceed five pounds. This counter-claim is a money demand, and the principle applies. An affirmance is respectfully asked.

December 14.

Judge SIMPSON delivered the opinion of the court.

1. An appeal lies to a judgment for the recovery of land.

This action was brought to recover a small piece of land in the possession of the appellant, and as a judgment was recovered againt him for it, he had a right to appeal from the judgment, and this court has unquestionably jurisdiction over it. The objection therefore that the appeal does not lie, cannot prevail.

2. No suit for the recovery of the possession of land can be maintained against one who has entered as a purchaser under a parol contract, until notice to quit, and that the parol con-

We deem the evidence sufficient to establish the fact, that the appellant obtained the possession of the land sued for, by some verbal contract of purchase with the appellee. The terms of the contract are not proved, nor does it appear that any purchase money was paid. Still, as the appellant entered lawfully, his possession was not tortious, unless he had done some act to make it so, or unless a notice

to quit, or a demand of possession had been made, and he had refused to surrender. There was no testimony to prove that his possession was unlawful at the time this action was commenced, and consequently the proof was insufficient to sustain it. (*Harle vs. McCoy, 7 J. J. Marshall*, 318.)

tract would not be performed by the vendor.

The appellant admitted in his answer that the legal title to the land was in the plaintiff; he did not however admit, but denied his right to the possession of it, and claimed the land as his own. It therefore devolved upon the plaintiff to prove every fact essential to his right of recovery.

The judgment is also objected to upon the ground that it was rendered by the court without the intervention of a jury. The defendant in the court below, in his answer, not only denied the plaintiff's right to the possession of the land, but alleged that he was himself the equitable owner of it, by purchase from the plaintiff, and had in good faith made upon it lasting and valuable improvements, believing the plaintiff would honestly execute his contract. He set up a claim for pay therefor, if he were compelled to give up the land, and asked for a lien thereon for the value of said improvements. The plaintiff denied that he had sold the land to the defendant, or that the latter had paid him anything for it.

The answer contained an equitable defense, and the issue made upon it was properly tried in the manner prescribed in cases of equitable proceedings. But as the action had been commenced by ordinary proceedings, and the defendant's answer denied the plaintiff's right to the possession of the land, an issue was thereby made between the parties, which was not cognizable in equity. When therefore the equitable defense was adjuged insufficient to defeat the plaintiff's action the court should have referred the legal issue to the decision of a jury, unless a trial by jury was waived. The 10th section of the Code of Practice provides, that "where the action has been

3. When the answer of the defendant to an ordinary petition set forth an equitable defense, the trial of the issue should be as in case of equitable proceedings; and if the equitable defense be adjudged insufficient, if there be a legal issue, that should be referred to, and tried by a jury, unless the jury be waived or

some of the modes pointed out by the Code.

properly commenced by ordinary proceedings, either party shall have the right, by motion, to have any issue which, before the adoption of the Code, was exclusively cognizable in chancery," tried as an equitable proceeding, and if all the issues were cognizable in chancery, though none were exclusively so, the defendant has a right to have them all tried as in cases of equitable proceedings. It is evident from this language that issues which are purely legal are to be tried, not as equitable issues, but as in cases of ordinary proceedings. Where the equitable defense is sufficient to defeat the plaintiff's action, a trial of any legal issue in the case is of course unnecessary.

4. Issues of fact arising in actions by ordinary proceedings for the recovery of money or real or personal property are to be tried by a jury, unless a trial by jury is waived. (*Code of Practice, sec.* 342.) By an agreement to transfer *a case* to the equity docket, all the issues, whether legal or equitable, made in the case, are to be tried as equitable issues are tried—it is a waiver of a jury.

Issues of fact, arising in actions by ordinary proceedings for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived. (*Code Practice, section* 342.) The record does not contain any evidence that a trial by jury was waived in this case, by the defendant, in either of the modes prescribed by the Code, but it shows that the parties by consent transferred the case, and not merely the equitable issue, to the equity docket, and the defendant thereby, in our opinion, consented that the whole case should be tried as an equitable proceeding, and waived a trial by jury. As the testimony showed that the value of the improvements made by the defendant exceeded a reasonable rent for the premises during the time he had them in his possession, the court should have enforced the payment of the excess before rendering a final judgment for the plaintiff, even if the issue of fact, which, according to this opinion, should have been tried by a jury, if no consent had been given that it might be tried by the court, had been properly decided in his favor.

But inasmuch as the plaintiff failed to show that the defendant's possession was unlawful, he was not entitled to a judgment, and his petition should have been dismissed. He will have the right however to bring another action for the recovery of the land,

whenever the posssession of the defendant becomes tortious.

Wherefore, the judgment is reversed and cause remanded with directions to dismiss the plaintiff's petition and render a judgment for the defendant.